IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED FOOD & COMMERCIAL
WORKERS INTERNATIONAL
UNION-INDUSTRY PENSION FUND, *et al*,

        Plaintiffs,

v.                                                          Civil Action No. 3:19cv247

EC MANAGEMENT SERVICES
OF GEORGIA, INC. *et al*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants EC Management Services of Georgia, Inc. ("EC Georgia"), Earl Mason, and George Otey (collectively, the "Named Defendants") Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 36.) Plaintiffs United Food & Commercial Workers International Union-Industry Pension Fund and Walter B. Blake and Anthony M. Perrone, in their capacity as trustees (collectively, the "Fund") responded, (ECF No. 45), and the Named Defendants replied, (ECF No. 49).

After reviewing the Motion to Dismiss, the Court has noted unsettled issues of law within the Motion to Dismiss that neither side addresses in their briefing.[1] Because those issues

---

[1] On April 9, 2019, this case was transferred from the Northern District of Illinois to this Court. (ECF No. 34.) The Parties previously filed briefing on the Named Defendant's Motion to Dismiss in that Court, and repurposed portions of that briefing before this Court here. Several of the issues on which the Court seeks clarification involves areas of difference between the United States Court of Appeals for the Seventh Circuit and the United States Court of Appeals for the Fourth Circuit.

substantially affect the issues presented in and the resolution of the Motion to Dismiss, the Court will deny the Motion to Dismiss as moot and order further briefing.

### A. Count I: Piercing the Corporate Veil Claim

In their briefing on the Motion to Dismiss, the Parties assume that Virginia law applies to the Fund's piercing the corporate veil claim in Count I. But the United States Court of Appeals for the Fourth Circuit has indicated that courts should utilize federal common law, and not state law, for such claims.[2] *See Thomas v. Peacock*, 39 F.3d 493, 499 (4th Cir. 1994) ("Because a rule of veil-piercing determines who is liable for breaches of ERISA fiduciary duties, we believe that ERISA preempts any state law of veil-piercing.") A number of federal district courts in the Fourth Circuit have adopted this understanding and applied federal common law in actions to pierce the corporate veil for ERISA and other liabilities arising under federal law. *Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, No. CV JKB-17-3690, 2019 WL 2146916 (D. Md. May 16, 2019) (applying federal law to piercing corporate veil claim under ERISA); *Local 2-1971 of PACE Int'l Union v. Cooper*, 364 F. Supp. 2d 546, 566 (W.D.N.C. 2005) (finding that federal common law of piercing the corporate veil applies in enforcing an ERISA judgment); *Equal Rights Ctr. v. Equity Residential*, No. CCB-06-1060, 2016 U.S. Dist. LEXIS 44027, at *10 (D. Md. Mar. 31, 2016) ("[t]he court applies federal common law in deciding whether to pierce the corporate veil because that decision implicates an important federal interest: liability for violations of the FHA.")

---

[2] At least one court has indicated that the proper law to apply to such claims is an unsettled question, and that the federal common law standard may be less stringent than the Virginia standard. *EEOC v. Upper Mill Mining Co.*, Civil Action No. 96-139-A, 1997 U.S. Dist. LEXIS 24225, at *12 n.2 (W.D. Va. Oct. 22, 1997).

2

Because the Parties do not address which law governs, the Court will order that any subsequent briefing include arguments addressing whether the federal common-law standard for piercing the corporate veil, articulated in *Thomas v. Peacock*, should apply to the claim at bar. 39 F.3d at 499. The Court will also order the briefing to include whether that standard for federal common law differs from the Virginia standard, the extent of the difference, and more generally, how application of the federal standard would affect the resolution of this case.

### B. Counts II and III: The Virginia Fraudulent Transfer Act Claims

Relatedly, both Parties assume that the Fund's Virginia Fraudulent Transfer Act claims under Virginia Code § 55.1-400 contained in Count II and Count III are properly brought. The Court notes that this may be an unsettled question.

The Supreme Court of the United States has stated that the "deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). This preemption is far reaching. State law may be preempted when that law "is premised on the existence of an employee benefit plan so that in order to prevail a plaintiff must plead, and the court must find, that an ERISA plan exists." *Griggs v. E.I. DuPont De Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). Alternatively, a state law claim is preempted when "it conflicts directly with an ERISA cause of action." *Ingersoll-Rand*, 498 U.S. at 140; *see also Powell v. Chesapeake & Potomac Tel. Co. of Va.*, 780 F.2d 419, 422 (4th Cir. 1985) ("[t]o the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it preempts analogous causes of action, whatever their form or label under state law").

To redress certain shortcomings in ERISA, Congress enacted the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"). Following the enactment of the MPPAA, ERISA § 4212(c), 29 U.S.C. 1392(c) provides that "[i]f a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction." 29 U.S.C. § 1392(c). Commonly known as "evade or avoid" claims, § 1392(c) "essentially prevents employers who face withdrawal liability from restructuring company assets to thwart the assessment and collection of that liability." *Teamsters Joint Council No. 83 of Va. Pension Fund v. Empire Beef Co.*, No. 3:08CV340-HEH, 2011 WL 201492, at *3 (E.D. Va. Jan. 20, 2011).

The Fund brings an "evade or avoid" claim against all Defendants. The Fund, however, also brings two claims for violation of Virginia Code § 55.1-400, which voids any conveyance of property in an effort to defraud or evade creditors. *See* Va. Code § 55.1-400.[3] In their Motion to Dismiss, the Named Defendants noted the similarities between the § 1392(c) "evade or avoid" claim in Count V and the Virginia fraudulent transfer claims in Counts II and III. (*See* Mot. Dismiss 15, ECF No. 37) ("Plaintiffs' fraudulent conveyance claim fails for the same reasons as their avoid and evade claim").

Given Supreme Court and Fourth Circuit precedent, it appears possible that such state law claims could be preempted by the "evade and avoid" claims contained in ERISA. *Ingersoll-Rand*, 498 U.S. at 140 (a state law claim is preempted when "it conflicts directly with an ERISA cause of action"); *Powell*, 780 F.2d at 422 (4th Cir. 1985) ("[t]o the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it

---

[3] When the Parties submitted their briefs, this section of the Virginia Code fell under § 55-80. In October 2019, however, the Virginia Code was amended and the section on fraudulent conveyance now falls under § 55.1-400.

preempts analogous causes of action, whatever their form or label under state law"). District courts have differed in their findings on the issue. *Cent. States, Se. & Sw. Areas Pension Fund v. Romito*, 00 C 8021, 2001 U.S. Dist. LEXIS 6004, at *12-13 (N.D. Ill. May 10, 2001) (finding state fraudulent conveyance claims not preempted); *Cent. States, Se. & Sw. Areas Pension Fund v. Marquette Bank, N.A.*, 836 F. Supp. 673 (D. Minn. 1993) (finding fraudulent conveyance claims under state law preempted by ERISA).

Because the Parties do not address this question, the Court will order that any subsequent motions to dismiss and responses include whether the Fund's Virginia claims for fraudulent transfer are preempted by ERISA, especially § 4212(c), 29 U.S.C. 1392(c), and whether allowing such claims would undermine uniformity in federal law and contravene Congressional intent.

### C. Continued Presence of John Doe in the Action

The Fund's Complaint brings several claims against John Doe, who it alleges "is an unidentified company that formed a joint venture with EC Management and to which EC Management reported a $1,522,227.00 payment to in 2014." (Compl. ¶ 12, ECF No. 1.) Because the Fund does not address the basis for John Doe's continued presence in this action, the Court will order the Fund to show cause as to why John Doe should not be dismissed as a party.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: February 28, 2020
Richmond, Virginia